1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

IN RE: ROBERT A. FERRANTE

CASE NO. SACV 22-1087-MWF

ORDER RE: APPEAL FROM BANKRUPTCY COURT'S AMENDED ORDER GRANTING TRUSTEE'S MOTION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT WITH LEAVE TO AMEND

Before the Court is an appeal from the United States Bankruptcy Court for the Central District of California (the Honorable Theodor C. Albert, Chief United States Bankruptcy Judge), in *Estate of William L. Seay et al. v. Thomas H. Casey*, SACV 19-ap-01131, an adversary proceeding related to Chapter 7 action *In re Robert A. Ferrante*, SACV 10-bk-10310.  Appellant Nancy Klein Seay, as Trustee for the William L. Seay Trust, appeals the Bankruptcy Court's order issued on December 9, 2021 ("Amended Order").  (Appellant's Excerpts of Record ("ER") 0042).  The Amended Order alters the Bankruptcy Court's prior dismissal order of the Trustee's Motion to Dismiss the Second Amended Complaint ("SAC"), issued on October 19, 2022 ("Prior Dismissal Order"), in that it provides Appellant leave to file a Third

1

1  Amended Complaint.  (ER 365).  The Prior Dismissal Order dismissed the SAC in

2  its entirety, without leave to amend.

3      Appellant appealed the Prior Dismissal Order to this Court.  On September 3,

4  2021, this Court issued an order affirming dismissal of the SAC but remanded the

5  matter to the Bankruptcy Court "to consider whether any of Appellant's grounds for

6  rescission – fraud in particular – could possibly be cured on amendment by the

7  allegation of other facts."  (("Appellate Order") (ER 827)).  On remand, consistent

8  with those instructions, and after extensive briefing, the Bankruptcy Court amended

9  its Prior Dismissal Order, granting Appellant leave to amend, on December 9, 2022.

10 (ER 42-43).

11     On January 28, 2022, Appellant filed a Notice of Non-Amendment (the

12 "Notice"), indicating that she would not be filing an amended complaint.  (ER 37).

13 In the Notice, Appellant asserted that she believes "that the existing complaint states

14 valid claims for relief" and that the Amended Order "imposed constraints and

15 sanctions warnings that effectively deny [Appellant] any meaningful opportunity to

16 satisfy the concerns which led the court to dismiss the complaint."  (ER 37-40).

17 This appeal followed, in which Appellant argues that the Bankruptcy Court's

18 constraints and warnings were an abuse of discretion.

19     Appellant filed her opening brief ("OB") on September 19, 2022.  (Docket

20 No. 16).  Appellee Thomas H. Casey, Chapter 7 Trustee for the Bankruptcy Estate

21 of Robert A. Ferrante, filed his responsive brief ("RB") on October 19, 2022.

22 (Docket No. 17).  Appellant filed her reply brief ("ARB") on November 2, 2022.

23 (Docket No. 18).

24     The Court read and considered the papers on the Motion and deemed the

25 matter appropriate for decision without oral argument.  *See* Fed. R. App. P.

26 34(a)(2)(C) (noting that appeals may be decided without oral argument if the "facts

27 and legal arguments are adequately presented in the briefs and record, and the

28 decisional process would not be significantly aided by oral argument.").

1    The Amended Order is **AFFIRMED**.  Appellant has waived any right to

2    amend — let alone an ***unrestricted*** right to amend — by filing this appeal instead of

3    taking advantage of the leave that was granted by the Bankruptcy Court.  Further, on

4    its face, the Amended Order does not actually impose any official conditions in its

5    grant of leave to amend.  Finally, even if language in the opinion attached to the

6    Amended Order could be construed as imposing conditions, the Bankruptcy Court

7    did not abuse its discretion by requiring Appellant to allege new facts to support her

8    rescission theory and to provide an explanation as to why such allegations were not

9    previously set forth.

10   I.    **BACKGROUND**

11   The Court has previously summarized the background of this action in

12   connection with the Appellate Order.  The Court incorporates by reference the

13   factual background set forth in that Order.  Nonetheless, the Court will briefly

14   address the procedural background and relevant proceedings on remand, which have

15   led to this appeal.

16   A.    **The Parties**

17   On January 11, 2010, Robert A. Ferrante (the "Debtor") filed for Chapter 7

18   bankruptcy under Title 11 of the United States Code.  *In re Ferrante*, Case No. 8:10-

19   bk-10310-TA (Bankr. C.D. Cal. Jan. 11, 2010).  Thomas H. Casey ("Appellee") was

20   thereafter appointed Trustee for the Bankruptcy Estate of the Debtor.  (ER 515).

21   Appellant, the successor in interest to the late Lt. Col. William L. Seay, U.S.M.C.

22   (Ret.) ("Col. Seay"), is a creditor in the underlying bankruptcy proceeding.  (*Id.* at

23   515).  In 2004, Col. Seay secured and recorded a final judgment against the Debtor

24   in the principal amount of $2,417,057.16, which created an automatic lien on all real

25   property interests of Debtor whether fixed or contingent, legal or equitable, present

26   or future (the "Seay Lien").  (*Id.*)

27

28

3

### B.     The Agreement

On April 7, 2014, Appellee and Col. Seay entered into a written contract structured as a "carve out" agreement (the "Agreement"), relating to the Seay Lien on the Debtor's Newport Property.  (ER 517).  The Agreement expressly provided that Col. Seay would defer 50% of the sums to which he was entitled under his Lien to be later recouped from recoveries in Appellee's Adversary Action.  (ER 519). The Agreement obligated the Estate to pay Col. Seay the deferred amount from the proceeds of litigation recoveries, plus fees and costs, and all remaining amounts under his judgment lien.  (ER 520).  The Agreement imposed on Appellee the corresponding obligation to actively litigate the Adversary Action in order to obtain sufficient recovery to pay back the sums that Col. Seay agreed to carve out and subordinate under the Agreement.  (ER 519).

### C.     The Adversary Complaint

On July 3, 2019, Appellant filed an Adversary Complaint against Appellee seeking restitution and claiming the Agreement had been unilaterally rescinded. (ER 803).

On August 2, 2019, Appellee filed a motion to dismiss the Adversary Complaint on several grounds, including that Appellant's claims were barred by the doctrines of quasi-judicial immunity, and constituted collateral attacks on the properly entered orders of the bankruptcy court.  (Appellee's Supplemental Excerpted Record ("SER") at 1).  In response, on August 22, 2019, Appellant filed the First Amended Complaint ("FAC").  (ER 710).  Appellee filed a motion to dismiss the FAC.  (*Id.* at 671).  On June 10, 2020, the Court dismissed the FAC and granted Appellant leave to amend.  (*Id.* at 595).  The Bankruptcy Court's rationale was that Appellee is entitled to quasi-judicial immunity in his individual capacity and may only be sued in his representative capacity.  (*Id.* at 607).  The Bankruptcy Court further ruled that some of Appellant's allegations, such as those related to undue influence, duress, and menace, were barred by the doctrine of judicial

estoppel.  (*Id.*).  The Bankruptcy Court provided leave to amend in order to afford Appellant a chance to plead fraud with the requisite particularity under Federal Rule 9.  (*Id.*).

On August 9, 2020, Appellant filed the SAC.  (*Id.* at 481).  The SAC brings three claims for relief against Appellee in his representative capacity:  (1) restitution after completed unilateral rescission; (2) common count for money had and received; and (3) declaratory and injunctive relief.  By its own terms, the SAC makes clear that Appellant believes the Agreement has been rescinded based on the following grounds:

    (i)    Col. Seay' s consent to the contract was obtained by duress, menace, fraud, and undue influence exercised by or with the connivance of Appellee;

    (ii)    the consideration for Col. Seay's promise failed in whole or in part, through the fault of Appellee;

    (iii)    the consideration for Col. Seay's promise failed from any cause before it was rendered to him;

    (iv)    the contract was entered into due to a mutual mistake of material fact and law by the parties concerning the 518 Trust; and

    (v)    the contract is against public policy because the Newport Property was fully encumbered.  Appellee's administration of such an asset violates the Justice Department Guidelines and public policy as promulgated by the Office of the United States Trustee unless the agreement returns a meaningful dividend to unsecured creditors.

(ER 510 (SAC ¶ 93)).

The SAC alleges that Appellant is entitled to restitution of the deferred Seay proceeds from the sale of the Newport Property.  (*Id.* (SAC ¶ 94)).

**D.**     **The Prior Dismissal and Appellate Order**

On October 12, 2020, the Bankruptcy Court granted Appellee's motion to dismiss the SAC in its entirety finding each ground for rescission implausible.  The Bankruptcy Court further determined that because Appellant's accounting and declaratory relief claims are entirely dependent on her First Claim for restitution (premised on a theory of rescission), the Second and Third Claims should be dismissed as well.  Finally, the Bankruptcy Court decided not to grant Appellant leave to amend, concluding that "it is extremely unlikely that Plaintiff will be able to make any new arguments that would move the needle[,]" and "[t]he court has already expressed its skepticism that there is really anything here besides a bitterly disappointed plaintiff."  (ER 365).

On September 3, 2021, this Court affirmed the Bankruptcy Court's dismissal of the SAC in its entirety.  (*Id.* at 826).  This Court remanded the matter to the Bankruptcy Court with instructions to "consider whether any of Appellant's grounds for rescission — fraud in particular — could possibly be cured on amendment by the allegation of other facts."  (*Id.* at 842).  Consistent with those instructions, the Bankruptcy Court, after extensive briefing, granted Appellant leave to amend the complaint a third time.

On January 28, 2022, Appellant filed a Notice of Non-Amendment, indicating that she would not file an amended complaint.  (ER 37).

**E.**     **Grounds for Appeal**

Appellant contends that "the conditions the [Bankruptcy C]ourt placed on the amendment were sufficiently onerous as to constitute an abuse of discretion rendering the right to amend order granting leave to file an amended complaint an empty one."  (OB at 8).  Appellant complains that the Bankruptcy Court's "fundamental legal and factual errors," made satisfaction of the conditions "impossible and unfairly limited Appellant's freedom to craft the amendment to best satisfy any concerns regarding the sufficiency of the pleading."  (*Id*. at 8-9).  As for

the purported "conditions," Appellant cites to language in the opinion attached to the Amended Order, which noted that in any amended complaint, Appellant should "***allege new facts (not the same facts repackaged)*** that would plausibly sustain [Appellant's] rescission theory." (ER 74) (emphasis in original). Appellant also argues that the Bankruptcy Court improperly "warned of sanctions" in its statement that:

> If there are new facts that could support plausible causes of action . . . why were they not set forth in the initial three complaints or even in the most recent briefs? [Appellant] should consider very carefully about how to proceed, as amendment without significant changes with appropriate explanation will be riding the line of frivolous litigation. In sum, [Appellant] should put all cards on the table one last time and show the court what it missed.

(*Id.*).

Appellant also seemingly takes issue with this Court's remand instructions in the Appellate Order, claiming that the instructions are "impossible to satisfy no matter how many amendments are permitted" because, according to Appellant, this Court instructed the Bankruptcy Court to determine whether her "claim for rescission" could possibly be saved by the inclusion of other facts. (OB at 21). Appellant contends that this is problematic because "the SAC does not have a claim for rescission in it" and a claim for rescission is not possible under state law. (*Id.*). Appellant further contends that the Bankruptcy Court made a fundamental legal error when it noted that "whether rescission is a remedy or cause of action, in the end is not of much consequence." (*Id.* at 13) (citing ER 0072).

The Court notes that Appellant makes several other irrelevant arguments in her moving papers. But there is one, ***and only one***, issue on appeal; whether the Bankruptcy Court abused its discretion in placing so-called conditions on its grant of leave to amend the SAC. Therefore, the Court does not entertain any arguments that

1    either continue to rehash matters previously decided by this Court or that attempt to

2    advance novel theories of recovery.  Those issues are simply not the issue on appeal

3    and the Court rejects any attempt by Appellant to use this appeal as a vehicle to

4    unravel this Court's prior Appellate Order.

5    **II.    STANDARD OF REVIEW**

6        The Court has jurisdiction to hear appeals from final judgments, orders, and

7    decrees of the bankruptcy court.  28 U.S.C. § 158(a).  When considering an appeal

8    from the bankruptcy court, a district court uses the same standard of review that a

9    circuit would use in reviewing a decision of a district court.  *See In re Baroff*, 105

10   F.3d 439, 441 (9th Cir. 1997).

11       A court's denial of an opportunity to amend a pleading is reviewed for abuse

12   of discretion.  *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citing *Foman*

13   *v. Dav*is, 371 U.S. 178, 182 (1962)).

14   **III.   DISCUSSION**

15       As an initial matter, a review of the record indicates that Appellant was

16   granted leave to amend the SAC without substantive restraint.  The Amended Order

17   granting Appellee's Motion to Dismiss the SAC states: "IT IS HEREBY

18   ORDERED that: Plaintiff is granted leave to file Third Amended Complaint within

19   thirty (30) days of entry of this Order for the reasons set forth in the Court's

20   Ruling."  (ER 44).  Notably, while the Amended Order references the "reasons"

21   provided in the court's "ruling" for allowing leave to amend, the Amended Order

22   does ***not*** state that Appellant's leave to amend was formerly restricted in any fashion

23   beyond a time limit.  Therefore, Appellee is correct in noting that this entire appeal

24   is based on nothing more than dicta, in the form of guidance to aid Appellant's

25   efforts to cure the deficiencies in the SAC.  (*See* RB at 10).

26       The Court finds instructive *Lloyd v. Sears Bank & Tr. Co*., 67 Ill. App. 3d

27   141, 145, 384 N.E. 2d 742 (1978), where the plaintiff made virtually identical

28   arguments that were readily rejected by an Illinois appellate court.  There, the trial

court's order granting the motion to dismiss granted leave to amend and merely provided a date upon which the plaintiff had to comply. *Id.* On appeal, the plaintiff argued that "the trial judge abused his discretion when, during hearing, he indicated that he would only allow an amendment, seeking an accounting" and by "threat[ening] to impress sanctions if [the plaintiff's] amendment sought the same relief." *Id.* The appellate court noted that while it was "difficult to determine whether the trial judge was ruling out any other theory of recovery," the order "did not impose any restrictions on its face." *Id.* Since the plaintiff failed to file an amended complaint, the court determined that "it [was] pure conjecture for [the plaintiff] to forecast what the trial court would have done had an amended complaint been filed." *Id.* Moreover, the appellate court determined that "[a]bsent the filing of an amended complaint," it was "powerless to review the exercise of discretion by the trial judge." *Id.*

Here too, the Court views Appellant's arguments concerning the Bankruptcy Court's purported conditions on any amendment to the SAC as nothing more than "pure conjecture" over how an amended complaint may have been received by the Bankruptcy Court if it had been filed. *See id.* But Appellant waived any right to amend — let alone any right to an unrestricted amendment — by filing a Notice indicating her intent not to amend. *See Rick–Mik Enters. v. Equilon Enters*, LLC, 532 F.3d 963, 977 (9th Cir. 2008) (refusing to allow plaintiff to amend where plaintiff chose to appeal decision rather than amend); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260-61 (11th Cir. 2006) ("By filing an appeal in this manner, however, DeKalb elected to stand on its Second Amended Complaint and waived its right to further amendment."). Given that waiver, this Court concludes that it is likely "powerless to review the exercise of discretion" by the Bankruptcy Court. *See Lloyd,* 67 Ill. App. 3d at 145.

Nonetheless, out of an abundance of caution, and in the absence of directly analogous binding authority, the Court will consider whether there was an abuse of

1    discretion, assuming the Bankruptcy Court actually imposed the so-called

2    conditions, and further assuming Appellant is entitled to appeal such conditions

3    without first exercising the leave granted to amend the SAC.

4        As far as the Court can discern, there appears to be three interrelated

5    "conditions" that Appellant believes were imposed by the Bankruptcy Court on her

6    leave to amend the SAC: (1) that Appellant allege "new facts;" (2) that those facts

7    be limited to supporting a "claim for rescission;" and (3) that Appellant include an

8    adequate explanation as for why such facts have not been previously set forth in

9    prior complaints (or else risk sanctions). (*See* OB 20, 21). Because Appellant's

10   moving papers are most centrally concerned with the second condition, the Court

11   deals with that argument first.

12       The thrust of Appellant's appeal is that she has never pled a rescission claim,

13   cannot plead such a claim under California law, and therefore, any amended

14   "rescission claim" would inevitably fail. (*Id.* at 13). But nothing in the Amended

15   Order can legitimately be read as restricting Appellant to amend the SAC based on a

16   "claim for rescission." (OB at 21).

17       While the opinion attached to the Amended Order states in its conclusion that

18   the court will "[a]llow an amended complaint containing a rescission ***theory*** as

19   outlined above," the mention of rescission in that sentence is a reference to the

20   arguments ***advanced by Appellant***, it is not a restriction on the scope of any

21   amended complaint. (ER 74) (emphasis added). Appellant has repeatedly insisted

22   that because the Agreement has been rescinded, she is entitled to restitution. Indeed,

23   the SAC alleges that her claims are based on a theory of rescission at least twenty

24   times. (*See* ER 481-513 (SAC)). Therefore, it should come as no surprise to

25   Appellant that she was granted leave to amend her rescission theory – since that is

26   the primary theory that she has alleged throughout the course of this controversy.

27       And Appellant misquotes this Court's Appellate Order when she states that it

28   "instructed the court below to determine whether [Appellant's] 'claim for rescission'

1    could possibly be saved by the inclusion of other facts." (OB at 21). In reality, this

2    Court stated: "to consider whether any of Appellant's ***grounds for rescission*** – fraud

3    in particular – could possibly be cured on amendment by the allegation of other

4    facts." (ER 827) (emphasis added).

5         It is true that rescission, on its own, is not a cause of action under California

6    law. No one — neither this Court, nor the Bankruptcy Court, nor Appellee — has

7    ever suggested otherwise. But Appellant continues to latch on to that unremarkable

8    statement of law for a conclusion that it simply does not support.

9         According to Appellant, because rescission is not a "cause of action" (but

10   only a "remedy") under California law, courts do not have any authority to

11   determine whether a party's claim of rescission is valid. (*See* OB at 13, 21-23).

12   Wrong. While certain out-of-court conduct (i.e., notice and tendering of any

13   consideration received) is ***necessary*** to effectuate a valid rescission, out-of-court

14   conduct is not ***sufficient*** if a party seeks further relief. To obtain relief for a claimed

15   contract rescission, the party must bring "an action to recover any money or thing

16   owing to him by any other party to the contract as a consequence of such rescission

17   or for any other relief to which he may be entitled under the circumstances." *Little*

18   *v. Pullman*, 219 Cal. App. 4th 558, 568, 162 Cal. Rptr. 3d 74 (2013) (citing Civil

19   Code § 1692). As the California Court of Appeal explained *in Little*:

20        [A]lthough a party need not seek relief upon rescission if he does not

21        want any—he can try to walk away—if he does want relief, as [the

22        plaintiff] does here, he must bring an action to obtain it or assert the

23        rescission by way of defense or cross-complaint. In any such action,

24        the trial court will determine ***not only whether rescission was effected***

25        ***but also whether it was justified,*** and thereafter grant appropriate relief.

26   (*Id*. at 569) (emphasis added).

27        In other words, just because a party claims a contract has been rescinded does

28   not make it so. Several courts have rejected a party's claim that a contract had been

11

1    rescinded due to that party's failure to plead or prove any of the statutory grounds

2    for rescission.  *See, e.g., Koenig v. Warner Unified Sch. Dist.*, 41 Cal. App. 5th 43,

3    60, 253 Cal. Rptr. 3d 576 (2019) ("We therefore reject Koenig's claim that he was

4    entitled to rescind the termination agreement because the consideration failed in a

5    material respect before it was rendered to him."); *Moser v. Encore Cap. Grp., Inc.*,

6    455 F. App'x 745, 747 (9th Cir. 2011), *as amended* (Nov. 17, 2011) ("The district

7    court  did not err with respect to rescission [because] Moser did not identify a

8    statutory basis for rescission.") (citing Cal. Civ. Code § 1689); *Chaganti v. Ceridian*

9    *Benefits Servs., Inc.*, 208 F. App'x 541, 545 (9th Cir. 2006) ("The district court

10   correctly rejected Chaganti's contention that the Release should be rescinded

11   because Sun breached its terms.").

12       In sum, while rescission is not a cause of action, a party seeking to "enforce a

13   rescission," must sufficiently plead, as part of its claim for restitution or other relief,

14   that there are statutory grounds for rescission.  (*See* OB at 22); *see also Nmsbpcsldhb*

15   *v. Cnty. of Fresno*, 152 Cal. App. 4th 954, 959, 61 Cal. Rptr. 3d 425 (2007) ("A party

16   to a contract cannot rescind at his pleasure, but only for some one or more of the

17   causes enumerated in section 1689 of the Civil Code.").

18       Therefore, because it is Appellant that insists that she is entitled to relief based

19   on the fact that Col. Seay rescinded the contract, the Amended Order simply noted

20   that Appellant was granted leave to amend to establish one of the grounds that would

21   entitle her to rescission (and restitution thereafter).  Contrary to Appellant's assertion

22   that the Bankruptcy Court misstated the law, this Court wholly agrees with the

23   Bankruptcy Court's statement that, for purposes of determining the proper scope of

24   an amended complaint, "whether rescission is a remedy or cause of action, in the end

25   is not of much consequence."  (OB at 13) (citing ER 0072).

26       Accordingly, the Bankruptcy Court did not abuse its discretion in referencing

27   ***Appellant's*** "rescission theory" in its grant of leave to amend.

28

1    It was also well within the Bankruptcy Court's authority to instruct Appellant

2 to allege new facts in an amended complaint.  Specifically, in the opinion attached to

3 the Amended Order, the Bankruptcy Court stated:

4    [G]iving all benefit of the doubt to [Appellant], this court is inclined to

5    grant [Appellant] one additional leave to amend the complaint to allege

6    ***new facts (not the same facts repackaged)*** that would plausibly sustain

7    [Appellant's] rescission theory.  To be clear, the District Court affirmed

8    the dismissal, so only new facts and theories for relief plausibly based

9    thereon in an amended complaint can defeat a motion to dismiss.

10 (ER 74) (emphasis in original).

11    The Bankruptcy Court's statement was clearly not intended as a restriction on

12 Appellant's freedom to amend but as an instruction to Appellant as to how to

13 overcome yet another dismissal.  Such an instruction was proper given the Ninth

14 Circuit has made clear that it is not an abuse of discretion to deny a motion to

15 amend a complaint where the moving party proposing amendment presents "no new

16 facts" or simply restates prior insufficient claims.  *See Bonin v. Calderon*, 59 F.3d

17 815, 845 (9th Cir. 1995); *Loos v. Immersion Corp*., 762 F.3d 880 (9th Cir. 2014)

18 (holding that the district court did not abuse its discretion in dismissing claims

19 without leave to amend where the plaintiff did not correct the deficiencies identified

20 in his original complaint, the court gave a detailed explanation to the plaintiff as to

21 why his original theory was deficient, but plaintiff essentially re-pled the same facts

22 and legal theories in his amended complaint); *Fidelity Financial Corp. v. Federal*

23 *Home Loan Bank of San Francisco*, 792 F.2d 1432 (9th Cir. 1986) (similar).

24    And even if the statement about new facts was a formal restriction on

25 Appellant's ability to amend the SAC, Appellant does not cite any authority to

26 suggest that such a restriction would be improper.  Courts routinely impose

27 restrictions when they grant leave to amend a complaint.  *See, e.g.*, *Smallwood v.*

28 *Fed. Bureau of Investigation*, No. 16-00505 DKW-KJM, 2016 WL 4974948, at *6

13

1    (D. Haw. Sept. 16, 2016) ("If Smallwood chooses to file an amended complaint, he

2    is STRONGLY CAUTIONED that he must clearly identify the basis for this

3    Court's subject matter jurisdiction.") (emphasis in original); *Corrales v. Vega*, No.

4    ED CV 12-01876 JVS R, 2015 WL 575961, at *3 (C.D. Cal. Feb. 11, 2015)

5    (dismissing complaint "with *specified* leave to amend as to Claim 3" and instructing

6    the plaintiff how to improve the claim) (emphasis in original); *Kuntz v. New York*

7    *State Bd. of Elections*, 924 F. Supp. 364, 366 (N.D.N.Y. 1996), *aff'd sub nom. Kuntz*

8    *v. New York State Senate*, 113 F.3d 326 (2d Cir. 1997) (noting that courts "act[]

9    well within [their] discretion in placing [] limitations on amendments made by its

10   leave" particularly where there has already been "lengthy litigation history" and

11   "substantial time and expense" by the defendant "in answering and moving against

12   plaintiff's first inadequately drafted [c]omplaint."); *see also* 6 Fed. Prac. & Proc.

13   Civ., *Amendments With Leave of Court—Conditions Imposed on Leave to Amend*, §

14   1486 (3d ed.) ("The statement in Rule 15(a)(2) that the court 'should freely give

15   leave when justice so requires' presupposes that the court may use its discretion to

16   impose conditions on the allowance of a proposed amendment as an appropriate

17   means of balancing the interests of the party seeking the amendment and those of

18   the party objecting to it.").

19          Finally, Appellant's argument regarding the Bankruptcy Court's warning

20   against frivolous litigation likewise fails.  The Bankruptcy Court merely urged

21   Appellant to "consider very carefully about how to proceed, as amendment without

22   significant changes with appropriate explanation would be riding the line of

23   frivolous litigation."  (ER 74).  As Appellee notes, this admonishment was

24   consistent with Rule 11, as made applicable by Federal Rule of Bankruptcy

25   Procedure 7011.  (RB at 10); *cf. Equitable Life Assurance Soc'y v. Alexander Grant*

26   *& Co.*, 627 F. Supp. 1023, 1033 (S.D.N.Y. 1985) (dismissing complaint and

27   warning the plaintiff to "carefully consider its duty under Rule 11" if it chose to file

28   amended complaint).  Moreover, the Ninth Circuit has noted that lower courts do

not "abuse [their] discretion in denying a motion to amend a complaint" when the movant "provided no satisfactory explanation for [the] failure to fully develop his contentions originally.'" *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (quoting *Vincent v. Trend W. Technical Corp.*, 828 F.2d 563, 570–71 (9th Cir. 1987).

Accordingly, not one of the "conditions" (assuming they can be characterized as such) imposed on the Appellant in filing a Third Amended Complaint was an abuse of the Bankruptcy Court's discretion.  The Amended Order is **AFFIRMED.**

Given Appellant waived her right to amend by filing this appeal, the Bankruptcy Court shall enter judgment dismissing the SAC in its entirety ***without leave to amend*** and ***with prejudice***.


IT IS SO ORDERED.


DATED:  December 6, 2022

MICHAEL W. FITZGERALD
United States District Judge



CC: Bankruptcy Court

15